IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00272 DAE-04 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN SARDINHA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT SARDINHA'S
MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion, the Court **DENIES** Defendant's Motion for Reconsideration of this Court's Order Denying Defendant's Motion for Sentence Reduction. (Doc. # 308.)

On March 24, 2003, Defendant John Sardinha ("Defendant") pled guilty, pursuant to a plea agreement, to two counts of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On March 8, 2004, this Court sentenced Defendant. Defendant was held accountable for 253.6 grams of cocaine base and 31.1 grams of methamphetamine or "ice." This drug quantity corresponded to a base offense level of 34. Defendant received a two-level enhancement for

possession of a firearm and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 33. Defendant did not qualify for a safety valve reduction and the Government did not file a Motion for Downward Departure based on substantial assistance. Based on a total offense level of 33 and a criminal history category of I, the guideline imprisonment range was 135 to 168 months. The Court sentenced Defendant to 135 months imprisonment and 5 years supervised release.

On May 9, 2008, the parties stipulated to Defendant's eligibility for a reduction in sentence by retroactive application of Amendment 706 pursuant to 18 U.S.C. § 3582(c)(2) and requested that the Court reduce Defendant's sentence to 120 months, the mandatory minimum sentence. On June 3, 2008, the Court approved the stipulation and entered an Order reducing the sentence to 120 months. (Doc. # 296.)

On September 12, 2011, Defendant filed a Motion for Sentence Reduction pursuant to the Fair Sentencing Act of 2010. (Doc. # 306.) On October 17, 2011, the Court issued an Order denying that Motion. (Doc. # 308.) In its Order, the Court explained as follows:

> Under the Act, the drug quantity for which Defendant was held accountable corresponds with a base offense level of 32. Taking into account the two-level enhancement for possession of a firearm and the

> three-level reduction for acceptance of responsibility results in a total offense level of 31. A total offense level of 31 and a criminal history category of I corresponds with a guideline imprisonment range of 108 to 135. However, Defendant is subject to a 10-year (120-month) statutory minimum. Since Defendant does not qualify for the safety valve reduction and the Government did not file a Motion for Downward Departure, Defendant is not eligible for a sentence below the statutory minimum of 120 months imprisonment.

(Id. at 2.) On October 28, 2011, Defendant simultaneously filed a Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Sentence Reduction ("Mot.," Doc. # 309) and a Notice of Appeal of that Order (Doc. # 311).

Pursuant to Federal Rule of Appellate Procedure 4(b)(3)(B), a notice of appeal filed before a court disposes of any of the motions referred to in Rule 4(b)(3)(A) becomes effective upon the later of "the entry of the order disposing of the last such remaining motion . . . or . . . the entry of the judgment of conviction." Although the instant motion for reconsideration is not one of the enumerated motions under Rule 4(b)(3)(A), pursuant to United States v. Ibarra, a motion for rehearing in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing." 502 U.S. 1, 6 (1991); cf. United States v. Sprague, 135 F.3d 1301, 1307 (9th Cir. 1998) (holding that the district court lacked jurisdiction to consider motion for reconsideration of denial of sentence reduction motion because a notice

of appeal had already been filed).  Here, since Defendant did not file the Notice of Appeal <u>before</u> filing the Motion for Reconsideration, the Court concludes that the Notice of Appeal did not divest this court of jurisdiction to address the instant Motion for Reconsideration.  The Court therefore considers the merits of the pending motion.

In the instant Motion, Defendant asserts that, pursuant to the Fair Sentencing Act of 2010, he is eligible for a sentence reduction below the mandatory minimum of 120 months "because of Congress' intent to repeal the mandatory minimum and to reflect a more equitable sentencing scheme for the drug in question."  (Mot. at 1–2.)

The Fair Sentencing Act of 2010 ("FSA") became effective on August 3, 2010 and raised the threshold amounts of crack cocaine that trigger the statutory minimums for crack cocaine offenses.   Pub. L. 111-220, 124 Stat. 2372 (2010). The FSA directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine.  On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28,

2011, submitted the amendment for congressional review.  See 76 Fed. Reg. 24960, 24962 (May 3, 2011).  On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines.  See 76 Fed. Reg. 41332–41335 (June 13, 2011).  On November 1, 2011, Amendment 750 went into effect, authorizing retroactive application of the lowered offense levels for offenses involving possession of crack cocaine.  The Court notes, however, that only the Amendment to the Sentencing Guidelines is retroactive and not the FSA itself.  Thus, the FSA does not apply to defendants sentenced prior to its effective date of August 3, 2010.  United States v. Baptist, 646 F.3d 1225, 1229 (9th Cir. 2011) (per curiam).

Defendant is not entitled to a sentence reduction because his current sentence of 120 months is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but rather is based on the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841.  See United States v. Sykes, 658 F.3d at 1140, 1146 (9th Cir. 2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.); see also United States v. Paulk, 569 F.3d 1094, 1095–96 (9th Cir. 2009) (holding that a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under 18

5

U.S.C. § 3582(c)(2)). This conclusion is supported by the commentary to U.S.S.G. § 1B1.10, which provides that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n. 1(A).

Accordingly, the Court **DENIES** Defendant's Motion for Reconsideration of this Court's Order Denying Defendant's request for a sentence below the applicable statutory minimum. (Doc. # 308.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 23, 2011.

_____
David Alan Ezra
United States District Judge

United States v. John Sardinha, Cr. No. 02-000272 DAE-04; ORDER DENYING DEFENDANT SARDINHA'S MOTION FOR RECONSIDERATION

6